IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERNARDO MATIAS PEREZ,**

     **Plaintiff,**

**v.**                                   **1:23-cv-00698-DHU-KK**

**MERRICK B. GARLAND, Attorney General of
the United States, or his successor in interest,
Department of Justice (FBI),**

     **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

     This matter comes before the Court on Defendant's Motion to Dismiss First Amended Complaint ("Motion"). Doc. 12. Defendant Merrick B. Garland, Attorney General of the United States, moves to dismiss Plaintiff Bernardo Matias Perez's First Amended Complaint for Relief under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim. After careful consideration of the motion, the briefs submitted by the parties, and the relevant case law, the Court GRANTS the motion and enters judgment accordingly.

## I. Factual and Procedural Background

### A. <u>Plaintiff's Title VII Litigation Against the FBI in the Late 1980's.</u>

     Plaintiff is a retired agent of the Federal Bureau of Investigation ("FBI"). In the late 1980's, Plaintiff was the named plaintiff in a class action suit brought against the FBI by a class of Hispanic FBI agents who alleged discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. *See Perez v. F.B.I.*, 707 F. Supp. 891 (W.D. Tex. 1988), *supplemented*, 714 F. Supp. 1414 (W.D. Tex. 1989), *aff'd*, 956 F.2d 265 (5th Cir. 1992). In that suit, Plaintiff also brought an individual claim of unlawful retaliation, alleging that the FBI retaliated against him for bringing the claims under the FBI's Equal Employment

Opportunity (EEO) administrative process.  *See id.* at 898, 922.  After a trial on the merits, the district court determined that the plaintiff class prevailed on its allegation that there was a pattern and practice of discrimination relating to conditions of employment and promotions within the FBI, and that named Plaintiff Perez had been the victim of retaliation for protected activities related to the litigation and his EEO complaint.  *See id.* at 929; 714 F. Supp. at 1416.  As part of the remedy afforded to Plaintiff, the district court ordered that:

> Within 45 days of the date of this Order, Perez shall be promoted to the rank of GS 17 with the related compensation and privileges which attend that rank. The Director is requested to report to this Court at 90 day intervals promotional decisions related to Bernardo Perez until such time as Perez is promoted to SAC or similar position of responsibility.

*Perez*, 714 F. Supp. at 1433.

Five years later, on December 31, 1994, Plaintiff retired from the FBI as an "SES 4" with an adjusted basic pay of $110,616.00.  Doc. 7, First Amended Complaint at ¶ 10. At the time of his retirement, Plaintiff was the Special Agent in Charge ("SAC") of the Albuquerque Division of the FBI.  *Id.*

**B.  Plaintiff's Post-Retirement Administrative Complaint.**

On September 8, 2021, approximately 26 years after his retirement, Plaintiff again sought counseling from the FBI EEO office alleging that throughout his employment with the agency, the FBI continued to subject him to harassment and discrimination based on his national origin and religion, and repeatedly retaliated against him because of his participation as the named class representative in the previous lawsuit litigated in federal court.  Doc. 4 at 2-3.[1]  Plaintiff also

---

[1] The procedural facts describing the administrative process in this case are taken from the May 2, 2023, Decision by the Equal Employment Opportunity Commission ("EEOC") in Plaintiff's administrative case.  The EEOC Decision was filed in this matter as part of an appendix to Plaintiff's original complaint. Doc. 4.

alleged that the FBI had failed to promote him to the SES 5 pay grade as ordered by the federal district court in 1989 after prevailing in his case against the agency. *Id.* at 3. As a result, his subsequent retirement payments were lower than he believed was proper. *Id.*

On September 22, the EEO issued Plaintiff a Notice of Right to File a Formal Complaint. *Id.* On September 30, 2021, Plaintiff filed a formal complaint alleging the same discriminatory acts as outlined above. While Plaintiff checked a box on his formal complaint indicating he was also filing a class claim, the narrative to his complaint only related to his individual claims concerning his retirement pension. *Id.* Nevertheless, because the class claim box had been checked, the FBI EEO forwarded the complaint to an EEOC Administrative Judge to determine if the complaint should be certified as a class complaint. *Id.*

The EEOC Administrative Judge then issued a request for information to the parties. *Id.* In his response to the Administrative Judge's request, Plaintiff alleged that the FBI had reduced his salary from the SES-4 to the SES-3 level during his employment due to the 1989 federal court order in the class action lawsuit in which he was the named class representative. *Id.* Plaintiff explained that he believed the salary reduction was retaliation at the time but felt he could not file a complaint with the FBI's EEO office due to fears of further retaliation. *Id.* Plaintiff alleged that all the retirement payments he received from 1995 to the present were improper as a result of the retaliation during his employment. *Id.* He also alleged that FBI employment and promotion numbers regarding FBI Agents showed that the FBI had continued to fail to hire or promote Latino FBI Agents. *Id.* He contends that as of January 31, 2022, of the 13,455 FBI Agents, only 6.8% were Hispanic, while the current Latino population in the U.S.A. is 18.5%. *Id.* Beyond that, Plaintiffs provided no other detail as to the particular employment practices he was challenging on a class-wide basis nor the number of individuals affected by the employment practices that he

alleged to be discriminatory.  *Id.*  As to the timeliness of his EEO complaint, Plaintiff argued it was timely because every improperly calculated retirement payment represented a new act of discrimination or retaliation.  *Id*. at 4.

On February 8, 2022, the EEOC Administrative Judge issued a decision and order dismissing Plaintiff's complaint, both individually and as a potential class claim, because it was untimely.  *Id*. at 3-4.  The Administrative Judge based the decision on the fact that Plaintiff first contacted an EEO counselor more than 25 years after retiring from the Agency.  *Id.*  The Administrative Judge rejected Plaintiff's assertion that each retirement payment represented a new act of discrimination or retaliation, finding the argument was not supported by law.  *Id.* at 4.  The EEOC subsequently issued a final order adopting the Administrative Judge's decision and order.  *Id.*

On April 29, 2022, Plaintiff filed an appeal with the EEOC from the Agency's final order concerning his administrative complaint.  *Id.* at 2.  The EEOC affirmed its final order, finding that its regulations required that an employee "must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory."  *Id*. at 4.  The Commission determined that Plaintiff did not initiate contact with the FBI's EEO until almost 26 years after his retirement, which was untimely under the Commission's regulations and thus required that Plaintiff's complaint be dismissed.  *Id*. *See* 29 C.F. R. 614.107(a)(2).  The EEOC also determined that, under its prior decisions interpreting the Lilly Ledbetter Fair Pay Act, the receipt of a retirement payment, unlike paychecks, did not restart the 45-day clock for making initial EEO contact.  *Id.* The EEOC also agreed with the Administrative Judge's determination that Plaintiff's claim regarding the reduction of his pay during his employment were also untimely.  *Id.* at 5.

C. **Plaintiff's Current Federal Complaint and Defendant Garland's Motion to Dismiss**.

On August 21, 2023, Plaintiff filed the instant action. Doc. 1.  Then, on December 8, 2023, Plaintiff filed his "First Amended Complaint for Plaintiff Relief From Discrimination Based on Age, Race, National Origin, Sex, Religion and Retaliation."  Doc. 7.  In his amended complaint, Plaintiff alleges the FBI failed to promote him "to the rank of GS 17 (SES 5) with the related compensation and privileges attendant to that rank," as ordered by a federal judge in 1989. *Id*. at ¶11.  Thus, according to Plaintiff, he is "due back pay from 1986 to 1994 and during his entire retirement period to date along with attendant interest and compounding." *Id*. at ¶ 13.  According to Plaintiff, he has an additional cause of action "under [the] Lilly Ledbetter Fair Pay Act of 2009 which effectively resets the clock by saying that wage discrimination cases can be filed within 180 days of the last paycheck in which the discrimination occurs." *Id.* at ¶ 2.  Plaintiff also states that "[r]etaliation for filing the [prior federal] lawsuit increased" after the federal court's decision in that case.  *Id*. at ¶ 14.  And further adds that "[t]he reasons for the discriminatory practice and pattern [at issue in his first federal lawsuit] were never remedied" and that "today the FBI has less persons of color and women than in the late 1980's." *Id*. at ¶ 14.  Plaintiff provides no additional facts supporting his allegation of discrimination and retaliation.

Defendant Garland now moves to dismiss Plaintiff's First Amended Complaint in its entirety.  Doc. 12.

## II. Legal Standard

Rule 12(b)(6) allows for the dismissal of a complaint where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Gardner v. Delta Dental Plan of New Mexico, Inc.*, No. 20-CV-01271-DHU-LF, 2023 WL 2413775, at *2 (D.N.M. Mar. 8, 2023), *appeal dismissed*, No. 23-2055, 2023 WL 11015599 (10th Cir. May 8, 2023).

To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)).   A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a "sheer possibility." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citation omitted).   In considering dismissal under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir.2005)).   The Court, however, will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III. Analysis

The are two primary questions raised by Defendant's motion to dismiss.   The first is whether Plaintiff's Amended Complaint must be dismissed because Plaintiff failed to timely exhaust his administrative remedies required to bring Title VII claims against Defendant.   The second is whether, even if Plaintiff did exhaust his claims through the EEOC's administrative process, his Amended Complaint must be dismissed because he failed to timely file a complaint

in this Court following the EEOC's final action.  After reviewing the parties' pleadings and briefing, as well as the relevant case law, the Court concludes that the answer to both questions is yes, and thus Plaintiff has not properly stated a claim for which relief can be granted.  Therefore, Defendant's motion to dismiss will be granted.

### A.  <u>Plaintiff's Employment Discrimination Claims Must Be Dismissed Because He Did Not Initiate the Complaint Process Within 45 Days of Any Alleged Act of Discrimination.</u>

Defendant argues Plaintiff's Complaint fails to state a viable claim because he did not initiate the administrative complaint process within 45 days of the alleged discriminatory acts he challenges. Doc. 12 at 7.  According to Defendant, Plaintiff's administrative action was initiated decades after the challenged actions because the ruling Plaintiff contends the FBI did not comply with was issued on May 5, 1989, and his pension was determined in 1994 when he retired.  *Id.* at 8.  Defendant further argues that the Lilly Ledbetter Fair Pay Act (LLFPA) does not change the analysis because the Act itself expressly states that "[n]othing in this Act is intended to change current law treatment of when pension distributions are considered paid."  *Id.* at 9.

Plaintiff alleges that he could have filed a complaint during the continuum of the discriminatory action because paychecks arrive every month and should therefore be deemed as continuous discriminatory actions.  Doc. 16 at 6.  Plaintiff alleges the LLFPA applies to the case, and the Act allows for the filing of pay discrimination claims within 180 days of any discriminatory paycheck, so each discriminatory paycheck resets the 180-day filing period.

The EEOC enforces Title VII's anti-discrimination by issuing regulations governing the processing of discrimination complaints. 42 U.S.C. § 2000e-16(b).  These regulations provide the procedures for the administrative handling and resolution of complaints.  *See* 29 C.F.R. 1614.  There is no question that before filing suit in federal court, an employee must exhaust these

administrative remedies. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832-34 (1976).  Pursuant to 29 C.F.R. 1614.105(a)(1), an employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action." *See also Valdez v. Holder*, No. 08-CV-00992-RB-DJS, 2010 WL 11622644, at \*5 (D.N.M. May 10, 2010) ("Failure to notify a Counselor within 45 days of the relevant event or action is grounds for dismissal of a claim by the district court").  Of course, this time limit is "subject to waiver, estoppel and equitable tolling," 29 C.F.R. 1614.604(f), but as the Supreme Court has directed, these equitable doctrines should be "applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Here, Plaintiff was subjected to discrimination and filed a lawsuit against the FBI in the 1980s.  The order elevating his pay scale was issued on May 5, 1989, and his pension was determined on December 31, 1994, when he retired.  Thus, any actionable employment practice determining Plaintiff's salary and pension amount was completed more than 25 years before Perez addressed this alleged underpayment with an EEOC counselor – well outside the 45 day-limit.  And, other than citing to EEOC guidelines that reference equitable tolling, Plaintiff articulates no argument or facts that would warrant equitable tolling, waiver or estoppel.

Moreover, Plaintiff provides no legal support for the claim that each month's pension constitutes a unique action of discrimination and that the LLFPA extends the filing period for claims involving discrimination in his pension payments.  The Fair Pay Act, enacted in January 2009, amended Title VII, the ADA and other antidiscrimination statutes by providing that an unlawful employment practice with respect to compensation occurs each time an individual is affected by a discriminatory compensation decision, including each time wages or other workplace compensation is paid. *See* Pub.L. No. 111-2; 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a).  The

LLFPA applies to all claims pending on or after May 28, 2007, but it expressly states that "[n]othing in this Act is intended to change current law treatment of when pension distributions are considered paid." *See* Pub.L. No. 111-2, § 2(4).  In addition, the Supreme Court has drawn a distinction between wage discrimination cases involving salary compensation and pension payments.  "In a salary case, … each week's paycheck is compensation for work presently performed and completed by an employee. …  By contrast, a pension plan, funded on an actuarial basis, provides benefits fixed under a contract between the employer and retiree based on a past assessment of an employee's expected years of service, date of retirement, average final salary, and years of projected benefits." *Florida v. Long*, 487 U.S. 223, 239 (1988).  Although the Tenth Circuit has not addressed whether the Fair Pay Act may nevertheless be read to cover pension claims, the courts that have addressed the issue have found that it does not, given the LLFPA's legislative history and the Supreme Court's decision in *Florida v. Long*.  *See Tomlinson v. El Paso Corp.*, No. 04 Civ. 02686(WDM)(MEH), 2009 U.S. Dist. LEXIS 77341, at *9, 2009 WL 2766718 (D.Colo. Aug. 28, 2009) ("[t]he [Fair Pay] Act preserves the existing law concerning when a discriminatory pension distribution or payment occurs, i.e., upon retirement, not upon the issuance of each check"); *see also Zimmelman v. Teachers' Ret. Sys. of City of New York*, No. 08 CIV. 6958 DAB DF, 2010 WL 1172769, at *10 (S.D.N.Y. Mar. 8, 2010), report and recommendation adopted, No. 08 CIV. 6958 (DAB), 2010 WL 2034436 (S.D.N.Y. May 20, 2010) (same).

Considering the plain language of the LLFPA, its legislative history, and the available case law, the Court finds that Plaintiff's monthly retirement benefit payments cannot be considered new discriminatory actions that reset the applicable filing period.  Therefore, Plaintiff's discrimination claims must be dismissed because he did not initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory.

**B.  Plaintiff's Claims Must Also Be Dismissed Because Plaintiff Did Not File His Title VII Action Within 90 Days of the EEOC's Final Decision.**

Defendant argues that Plaintiff's claims must be dismissed because he filed this action well beyond the 90-day mandatory deadline to do so.  Doc. 12 at 10.  Without citing to legal authority, Plaintiff argues that the 90-day deadline violates his Due Process rights because the EEOC does not have a tracking system to confirm when notice is actually received by a claimant.  Doc. 16 at 5.  Plaintiff also argues that the charge should be accepted as timely even though the alleged violation transpired outside the limitations period because the limitation period is subject to equitable tolling, equitable estoppel, and waiver. *Id*. at 7.

Title VII requires a plaintiff to "file a civil action as provided in section 2000e-5 of this title" "[w]ithin 90 days receipt of notice of final action taken … by the [EEOC] upon an appeal from a decision or order …." 42 U.S.C. § 2000e-16(c). *See also* 29 C.F.R. 1614.407.  Compliance with the filing requirements of § 2000e–16(c) "is not a jurisdictional prerequisite," but it is "a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995).  "Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights." *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (internal citations and quotations omitted).

In this case, the EEOC's final decision was made on May 2, 2023, but Plaintiff did not file his complaint until August 21, 2023 - 111 days later.  In his response, Plaintiff does not dispute that the 90-day deadline for bringing a Title VII action against a federal employer operates like a statute of limitations and that compliance with the deadline is a prerequisite to filing suit, but nevertheless argues that "[s]ince the EEOC does not have a tracking system to confirm when notice

10

is actually received by a claimant, the system is flawed beyond repair." Doc. 16 at 4. What is missing from Plaintiff's argument is any evidence, allegation, or assertion that he did not receive notice of the EEOC's decision or that he did not receive notice within a time frame that would have made the filing of his complaint timely. As noted by the Tenth Circuit, "[w]hen the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1164–65 (10th Cir. 2001) (citing cases). In *Lozano*, the Tenth Circuit noted that even though it had never explicitly addressed the issue of mailing time presumption, it had implicitly sanctioned applying either a five-day or three-day assumption. *See id*. (citing *Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir. 1998) (noting argument for five-day presumption); *Jarrett v. U.S. Sprint Comm. Co*., 22 F.3d 256, 259 (10th Cir. 1994) (assuming three-day presumption of Fed.R.Civ.P. 6(e) applied)).

In this case, whether it be either a three-day presumption of receipt, a five-day presumption, or even a seven-day presumption, Plaintiff's filing was untimely and well beyond the 90-day deadline for filing suit, and Plaintiff provides no argument or evidence that would rebut the presumption of receipt. Nor does Plaintiff provide any argument or evidence to establish that he is entitled to equitable tolling of the deadline. Plaintiff does not allege he was "actively misled" by Defendant or had "been prevented from asserting his rights" in some extraordinary way. *Mosley*, 100 F.3d at 1518. Accordingly, Plaintiff's complaint must be dismissed he did not file this action within 90 days of receipt of notice of final action taken by the EEOC. *See* 42 U.S.C. § 2000e-16(c).

**IV. Conclusion**

The Court grants Defendant's motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Plaintiff has failed to exhaust his administrative remedies and did not timely file his complaint.

**IT IS THEREFORE ORDERED** that Defendant Merrick B. Garland's Motion to Dismiss under 12(b)(6) (**Doc. 12**) is **GRANTED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE